```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF DELAWARE

WILLIAM MACLARY,                :
                                :
         Plaintiff,             :
                                :
     v.                         :    Civil Action No. 04-65-JJF
                                :
KEITH ALLEN, et al.,            :
                                :
         Defendants.            :
```

William Maclary, Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 7, 2005
Wilmington, Delaware

Farnan, District Judge.

The Plaintiff, William Maclary, a <u>pro</u> <u>se</u> litigant who is presently incarcerated, has filed this action pursuant to 42 U.S.C. § 1983. For the reasons discussed, Plaintiff's Complaint will be partially dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

I. STANDARD OF REVIEW

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two-step process. First, the Court must determine whether the plaintiff is eligible for pauper status pursuant to 28 U.S.C. § 1915. In this case, the Court granted Plaintiff leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and did not assess an initial partial filing fee. Plaintiff filed the required form authorizing the payment of fees from his prison account.

Once Plaintiff's eligibility for pauper status has been determined, the Court must "screen" the Complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).[1] If the Court finds Plaintiff's

---

[1]These two statutes work in conjunction. Section 1915(e)(2)(B) authorizes the court to dismiss an <u>in</u> <u>forma</u> <u>pauperis</u> complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. Section 1915A(a) requires the court to screen

1

Complaint falls under any one of the exclusions listed in the statutes, then the Court must dismiss the Complaint.

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the Court must apply the standard of review set forth in Fed. R. Civ. P. 12(b)(6). See Neal v. Pennsylvania Bd. of Prob. & Parole, No. 96-7923, 1997 WL 338838 (E.D. Pa. June 19, 1997)(applying Rule 12(b)(6) standard as the appropriate standard for dismissing claim under § 1915A). Accordingly, the Court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The United States Supreme Court has held that the term "frivolous" as used in Section 1915(e)(2)(B) "embraces not only the inarguable legal conclusion, but also the fanciful factual

---

prisoner in forma pauperis complaints seeking redress from governmental entities, officers, or employees before docketing, if feasible, and to dismiss those complaints falling under the categories listed in § 1915A(b)(1).

2

allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).[2] Consequently, a claim is frivolous within the meaning of Section 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." Id.

## II. DISCUSSION

By his Complaint, Plaintiff alleges that Defendants violated his Fourteenth Amendment right to procedural due process by confining him in the Security Housing Unit ("SHU") for nearly fifteen months without an adequate hearing. In conjunction with his claim of deprivation of due process, Plaintiff alleges, under 42 U.S.C. § 1985(3), that Defendants conspired to deprive him of equal protection of the law. Plaintiff further alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by depriving him of adequate medical care, because they failed to replace his missing dentures for over a year.

### A. Whether Plaintiff's Claim Of Denial Of Due Process Should Be Dismissed As Frivolous

To decide whether Plaintiff's complaint states a claim for deprivation of his constitutional right to procedural due

---

[2] Neitzke applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA). Section 1915(e)(2)(B) is the re-designation of the former § 1915(d) under PLRA. Therefore, cases addressing the meaning of frivolous under the prior section remain applicable. See § 804 of the PLRA, Pub.L.No. 14-134, 110 Stat. 1321 (April 26, 1996).

3

process, the Court must first determine whether he had a legally cognizable liberty interest in not being confined to the SHU. Mitchell v. Horn, 318 F.3d 523, 531 (3d Cir. 2003). If Plaintiff had no protected liberty interest in remaining free of disciplinary custody, then the state owed him no process before placing him there. Id. The Court concludes that Plaintiff did not have such a liberty interest.

A prisoner has a protected liberty interest in remaining free from restraint that "imposes atypical and significant hardship on the inmate in relation to the normal incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Whether this standard is met is a fact-specific inquiry in which the Court must consider both the duration of Plaintiff's confinement in the SHU, and the conditions of that confinement in relation to other prison conditions. Mitchell, 318 F.3d at 532. Here, Plaintiff was confined to the SHU for approximately fifteen months. In a similar case, the Court of Appeals for the Third Circuit held that special confinement for fifteen months was not an atypical and significant hardship, but rather fell within "the expected parameters of the sentence imposed." Griffin v. Vaughn, 112 F.3d 703, 708 (3d Cir. 1997).

The second factor the Court must consider is whether the conditions of Plaintiff's confinement were significantly more restrictive than those imposed on other inmates in the SHU.

4

Shoats v. Horn, 213 F.3d 140, 144 (3d Cir. 2000) (citing Sandin, 515 U.S. at 486). Plaintiff has alleged neither that conditions in the SHU were unconstitutionally restrictive, nor facts from which the Court could reach such a conclusion. Accordingly, the Court will dismiss as frivolous Plaintiff's allegation of denial of procedural due process.[3]

> B. Whether Plaintiff's Claim Of Denial Of Adequate Medical Care Should Be Dismissed As Frivolous

Plaintiff alleges that he was denied adequate medical care, in violation of the Eighth Amendment, because his dentures were taken from his cell on October 5, 2002, and he was not provided with new ones for over a year. (D.I. 2 at 10-12.) To state a claim against a defendant under § 1983, Plaintiff must allege that the defendant actually participated in the alleged violation of rights, directed others to violate Plaintiff's rights, or had knowledge of and acquiesced in a subordinate's alleged violation of Plaintiff's rights. Baker v. Monroe Township, 50 F.3d 1186, 1191 (3d Cir. 1995). To state a claim against a supervisory official under § 1983, Plaintiff must allege that the official was either "the moving force [behind] the constitutional violation" or exhibit[ed] "deliberate indifference to the plight

---

[3]Because the Court concludes that Plaintiff's due process claim is frivolous, it need not address Plaintiff's allegations of conspiracy under 42 U.S.C. § 1985(3).

5

of the person deprived." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989).

Deliberate indifference to serious medical needs is a violation of the Eighth Amendment and actionable under 42 U.S.C. § 1983. Estelle v. Gamble, 429 U.S. 97, 103 (1976). The Third Circuit has defined a serious medical need as a condition which, left untreated, "can be expected to lead to substantial and unnecessary suffering, injury, or death." Woloszyn v. County of Lawrence, 396 F.3d 314, 320 (3d Cir. 2005). In addition, "the condition must be one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity of a doctor's attention." Id. Lack of dentures falls into the latter category. Moreover, Plaintiff alleges that without his dentures, he is unable to chew his food, significantly hindering his ability to eat. (D.I. 2 at 11.) Therefore, the Court finds that Plaintiff's lack of dentures could be expected to lead to substantial and unnecessary suffering and is thus a serious medical need. See Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) (finding that inmate plaintiff's lack of dentures was a serious medical need).

Construing Plaintiff's pro se complaint liberally, the Court concludes that Plaintiff sufficiently alleges deliberate indifference with regard to Defendants Carroll and Holwerda. Plaintiff contends that his dentures disappeared following a

search of his cell by corrections officers, and he implies that the officers deliberately removed them. (D.I. 2 at 10.) Plaintiff also contends that Carroll and Holwerda had knowledge of his missing dentures because he notified them in writing at least twice each, and that they took no action to resolve the situation. (D.I. 2 at 11-12.) Accepting Plaintiff's contentions of fact as true for the purposes of this review, the Court cannot conclude that Plaintiff's Eighth Amendment claim lacks an arguable basis of law or fact. Therefore, the Court concludes that Plaintiff's claim of violation of his Eighth Amendment rights is not frivolous within the meaning of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

With regard to the remaining Defendants, the Court concludes that Plaintiff fails to allege facts sufficient to state a claim upon which relief can be granted. Therefore, the Court will dismiss the Complaint, without prejudice, as to those Defendants.

An appropriate order will be entered.

7