IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WILLIAM MACLARY,                )
                                )
        Plaintiff,              )
                                )
    v.                          ) Civil Action No. 04-065 JJF
                                )
THOMAS CARROLL, et al,          )
                                )
        Defendants.             )

William Maclary, Smyrna, Delaware.

Pro Se Plaintiff.

Ophelia M. Waters, Deputy Attorney General of the DEPARTMENT OF JUSTICE FOR THE STATE OF DELAWARE, Wilmington, Delaware.

Attorney for Defendants Carroll and Pierce.

**MEMORANDUM OPINION**

February 26, 2008

**Farnan, District Judge**

Presently before the Court is the Motion For Summary Judgment (D.I. 34) submitted by Defendants Thomas Carroll, Warden, and David Pierce, Deputy Warden. For the reasons discussed, Defendants' Motion will be granted.

## Background

Plaintiff William Maclary ("Maclary") filed this civil rights action pursuant to 42 U.S.C. § 1983. Maclary's original complaint (D.I. 2), filed on January 29, 2004, included a due process claim under the Fourteenth Amendment and an access to medical care claim under the Eighth Amendment. On November 7, 2005, the Court dismissed the Fourteenth Amendment claim but identified a cognizable Eighth Amendment claim of denial of adequate medical care (D.I. 13). Maclary filed a Motion to Amend (D.I. 14) on November 25, 2005, which the Court granted (D.I. 15) on February 27, 2006, adding certain defendants to the Eighth Amendment claim. The Defendants remaining in this case are Warden Carroll and Deputy Warden Pierce ("State Defendants"), E.C.M. Director R. Hampton, Health Services Administrator Baker, Doctor Cathy Kionke, and Nurse Supervisor Brenda Holwerda. The Motion for Summary Judgment addressed herein only pertains to Defendants Carroll and Pierce.

Maclary alleges that he was denied adequate medical care in violation of the Eighth Amendment because his dentures were

1

removed from his cell on October 5, 2002, and he was not provided with new dentures for over a year. (D.I. 2 at 10-12.) Maclary filed two grievances and wrote Warden Carroll a letter concerning the removal of his dentures from his cell in October 2002. (Id.) On December 19, 2002, a dentist examined Maclary's mouth and informed him that no work could be done on his lower dentures without extracting his remaining lower teeth, because of tooth decay and periodontitis. (D.I. 35, Ex. C & G.) Maclary refused to allow the extraction, and was informed that his name would be put on the list for upper dentures. (Id.) In February 2003, Maclary wrote to Deputy Warden Burris ("Burris"), and received in response a letter dated May 8, 2003 informing him that she was forwarding his letter to Health Services Administrator Baker for "research and response." (D.I. 35, Ex. D.) In May 2003, Maclary wrote to the Dental Clinic inquiring about his replacement dentures (D.I. 35, Ex. E.) On May 22, 2003, Maclary was seen again by the Dental Clinic, where he agreed to lower tooth extractions <u>following</u> his receipt of upper dentures. (D.I. 35, Ex. I.) In June 2003, Dental Director Kionke sent Maclary a memo summarizing the December and May dental visits, informing him that he is "accepting a compromised result" because the upper and lower dentures will not be fabricated at the same time under this plan, and stating that he is "now on the list" for upper dentures. (D.I. 35, Ex. F.)

2

## Discussion

### I. Standard of Law

Federal Rule of Civil Procedure 56(c) provides that a party is entitled to summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment always bears the initial responsibility of informing the Court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. Where, as here, the nonmoving party opposing summary judgment has the burden of proof at trial on the issue for which summary judgment is sought, he must then make a showing sufficient to establish the existence of an element essential to his case. If the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catreet, 477 U.S. 317, 322 (1986). Moreover, the mere existence of some evidence in support of the nonmoving party will not be sufficient to support a denial

of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the nonmoving party on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

## II. Denial of Adequate Medical Care Claim

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-05 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. Id., at 104; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. Farmer v. Brennan, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." Estelle, 429 U.S. at 104-05.

State Defendants do not contest the seriousness of Maclary's medical need, but contend that Maclary has not established that State Defendants had actual knowledge of his medical needs, which is a requisite component of the deliberate indifference analysis. Maclary contends that Defendants Carroll and Pierce should be held responsible for the failure of the Dental Clinic to replace

4

his dentures because of (1) their "negligence" and (2) supervisory positions over both the officers who mistakenly took his original dentures and the prison dental facility. (D.I. 38 at 2-3.) Maclary's contention does not meet the "deliberate indifference" standard. Negligence and supervisory status are insufficient; culpability under "deliberate indifference" requires a subjective awareness of the risk of harm, in addition to a failure to take reasonable steps to avoid that harm. Farmer, 511 U.S. at 837. Maclary additionally alleges that he sent at least one letter to Warden Carroll, but has offered no evidence that Deputy Warden Pierce had actual knowledge of his medical need. Thus, the Court concludes that, with respect to Defendant Pierce, Maclary has failed to establish a genuine issue of material fact on this element.

Even if the Court were to assume arguendo that both State Defendants possessed actual knowledge of Maclary's situation, the evidence on the record fails to raise a genuine issue of fact on the question of deliberate indifference. Maclary concedes that Deputy Warden Burris forwarded at least one of his letters to health services personnel, and that he was seen repeatedly by the Dental Clinic, but contends that the State Defendants should have "direct[ed] the dental department to replace" his dentures. (D.I. 38 at 3.) The failure of State Defendants to instruct the Dental Clinic in the manner Maclary desired does not constitute a

5

denial of or delayed access to medical care. See Estelle, 429 U.S. at 104-05. Where care is being provided, it is not appropriate for prison officials to second-guess the medical judgment of those providing care. See., e.g., Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). Regardless of whether the delay in Maclary receiving replacement dentures was due to deficiencies in the Dental Clinic or to Maclary's own refusal of recommended treatment, the Court concludes that the State Defendants are not culpable. State Defendants neither denied Maclary access to medical care nor delayed his access to care. Accordingly, the Court concludes that Maclary has failed to raise a genuine issue of fact with respect to the act or omission element of "deliberate indifference." The Court will therefore grant State Defendant's Motion for Summary Judgment.

## Conclusion

For the reasons discussed, the Court concludes that Plaintiff Maclary has not established issues of material fact sufficient to allow him to survive summary judgment on his Eighth Amendment denial of adequate medical care claim. Accordingly, the Court will grant the Defendants' Motion for Summary Judgment and terminate Defendants Thomas Carroll and David Pierce from this lawsuit.

An appropriate order will be entered.