```
             IN THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF DELAWARE
```

WILLIAM MACLARY,                :
                                :
          Plaintiff,            :
                                :
     v.                         : Civ. Action No. 04-065-JJF
                                :
DR. KIONKA,                     :
                                :
          Defendant.            :

---

William Maclary, Pro se Plaintiff, James T. Vaughn Correctional Center, Smyrna, Delaware.

James Edward Drnec, Esquire, Balick & Balick, LLC, Wilmington, Delaware.  Attorney for Defendant Dr. Kionke.

---

**MEMORANDUM OPINION**

August 19, 2009
Wilmington, Delaware

**Farnan, District Judge** *Joseph J. Farnan*

Presently before the Court is Defendant Dr. Kionke's ("Dr. Kionke")[1] Motion For Re-Argument Or Reconsideration Of Her Motion For Summary Judgment and Plaintiff's Response thereto.[2] (D.I. 62, 64.) For the reasons discussed below, the Court will deny the Motion.

I. **BACKGROUND**

This case concerns Plaintiff's claim of deliberate indifference to a serious medical/dental need as a result of his odyssey to replace his lost dentures. The facts are set forth in the Court's January 29, 2009 Memorandum Opinion. (See D.I. 60.) On January 29, 2009, the Court denied Dental Director, Dr. Kionke's Motion For Summary Judgment based upon the serious nature of Plaintiff's dental condition, the lengthy delay in providing him dentures, and the non-medical reasons for the delay.

II. **STANDARD OF LAW**

Dr. Kionke moves for re-argument and reconsideration. Rule 7.1.5 of the Local Rules of this Court provides for re-argument. D. Del. LR 7.1.5. Motions for re-argument or reconsideration may not be used "as a means to argue new facts or issues that

---

[1] Plaintiff misspells Dr. Kionke's name as "Kionki."

[2] Plaintiff filed a Motion For Enlargement Of Time to file a response. (D.I. 63.) The Court will deny the Motion as moot inasmuch as Plaintiff has filed a response.

-1-

inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990). Re-argument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Brambles USA, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted)

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Dasilva v. Esmor Corr. Services, Inc., 167 F. App'x 303, 308 (3d Cir. 2006) (not published) (citing Max's Seafood Café, 176 F.3d at 677. Rule 59 does not specifically mention a motion for reconsideration; however, such a motion is regarded as "'the functional equivalent' of a Rule 59 motion." Federal Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d Cir. 1986)). "[A] motion for [reconsideration] is not intended merely to be an opportunity

to "accomplish [the] repetition of arguments that were or should have been presented to the court previously." Karr v. Castle, 768 F. Supp. 1087, 1093 (D. Del. 1991).

## III. DISCUSSION

Dr. Kionke contends that the Court may have misunderstood or misapprehended the basis for the First Correctional Medical ("FCM") upper and lower dental plate policy and for Dr. Kionke's decisions relative to Plaintiff's requests for dentures. Dr. Kionke contends that the misunderstanding or misapprehension appears to be the Court's perception that the policy at issue was "administrative in nature" and not "medically-based."

In denying Dr. Kionke's Motion For Summary Judgment, the Court considered her original affidavit. (D.I. 51, ex. B.) In support of her Motion For Reconsideration, Dr. Kionke submits a new, and more detailed, affidavit. (D.I. 62, ex. A.) Plaintiff opposes the Motion, noting that Dr. Kionke's first affidavit refers to FCM policies and protocols, but not to medical opinions.

Dr. Kionke posits that "perhaps" her original affidavit failed to "clearly enough" explain FCM's policy. When a patient needs upper and lower dental plates, FCM does not prepare the dental plates one at a time. In her new affidavit, Dr. Kionke explains the policy was established to ensure that the plates fit together properly so as to give the patient the most desirable

result. (Id.) Her Motion states that when Dr. Kionke spoke to Plaintiff about the advantages of having both plates prepared at the same time, she was explaining the medical benefits of the procedure, not the administrative benefits. Dr. Kionke further explains that while her decision may have been supported by, and consistent with, the FCM policy, it was also the result of sound medical judgment, and not the result of a "non-medical reason."

The Court did not misunderstand or misapprehend the basis for Dr. Kionke's decision. It is clear from her original affidavit that Plaintiff's initial request for a single plate was denied based upon FCM's policy, but later, upon further investigation the denial was rescinded and Dr. Kionke approved the request. Regardless of this approval, when no action was taken and the request was renewed, Dr. Kionke again denied the request because, as stated in her original affidavit, she did not recognize Plaintiff's name and the denial was according to FCM's policy. The affidavit does not state the second denial was based upon a medical decision; it states that the request was denied due to non-recognition of a name and FCM's policy. While her second affidavit is much more detailed, at this juncture, Dr. Kionke is not entitled to an affidavit "do-over" to harmonize her facts with the law.

Dr. Kionke has failed to demonstrate the required grounds to warrant re-argument and/or reconsideration of the Court's January

29, 2009 Memorandum Opinion and Order.  Accordingly, the Court will deny the Motion For Re-Argument Or Reconsideration Of Her Motion For Summary Judgment.  (D.I. 62.)

## IV. CONCLUSION

For the above reasons, the Court will deny Dr. Kionke's Motion For Re-Argument Or Reconsideration Of Her Motion For Summary Judgment and will deny as moot Plaintiff's Motion For Enlargement Of Time.  (D.I. 62, 63.)

An appropriate Order will be entered.